IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EULLIS MONROE GOODWIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-23-00773-PRW |
| | ) | |
| KRIS GOLDEY, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

This matter is before the Court on United States Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 9), recommending dismissal of Petitioner Goodwin's Petition for Writ of Habeas Corpus (Dkt. 1). Petitioner filed no objections to the Report and Recommendation.

Petitioner's claims spring from the Bureau of Prisons' ("BOP's") residential drug treatment program, RDAP, as well as sentence reduction credits under the First Step Act ("FSA").[1] A prisoner who has earned sufficient time credits may be released from confinement to begin supervised release up to one year early at BOP's discretion.[2] Separately, a prisoner who completes the RDAP program is eligible for up to one year of

---

[1] 18 U.S.C. § 3632(d)(4).

[2] 18 U.S.C. § 3624(g).

1

early release, again at BOP discretion.³ Completion of the RDAP program requires 120 days of Community Treatment Services at a halfway house.⁴

Petitioner has earned 365 days' worth of FSA release credits, which he states could shift his release date to October 25, 2025. Petitioner was adjudged to be eligible for the RDAP program in December 2022. However, Dr. Averitt, the RDAP coordinator at FCI El Reno, told Petitioner that he should not expect to start the program until December 2023 or January 2024. By Petitioner's reckoning, this delayed start prevents him from realizing the full early release benefits he has (or would have) earned. If, hypothetically, Petitioner had started RDAP in December 2022, he could have completed the entire program, including the halfway house portion, by early 2024. If BOP had then granted him a full year of early release for both his FSA credits and RDAP completion, he would have been released from imprisonment in October 2024. Starting RDAP in January 2024 would push his completion of the program, and thus his eligibility for another year of early release, by several months.

Petitioner alleges that Dr. Averitt's decision to delay his entry into the RDAP program was arbitrary and capricious, and that it denied him benefits guaranteed by statute. Petitioner requests relief in the form of an expedited RDAP start date, or alternatively application of his unused FSA credits to reduce his term of supervised release.

---

³ 18 U.S.C. § 3621(e).

⁴ *See Vonderahe v. Hudson*, No. 22-3043-JWL, 2022 WL 1421570, at *1–2 (D. Kan. May 5, 2022) (detailing the RDAP program and implementation of the FSA).

Habeas petitions must be "summarily dismissed . . . without ordering a responsive pleading" if "it plainly appears from the petition . . . that the petitioner is not entitled to relief."[5] Magistrate Judge Erwin construed Petitioner's claims as both a due process challenge and a challenge to BOP's substantive decision under the Administrative Procedure Act. Judge Erwin concluded that both claims fail, and that the Petition should be dismissed.

As to the due process claim, Judge Erwin found that a prisoner has no constitutionally protected liberty interest in discretionary sentence reduction provisions.[6] As explained above, early release via either FSA time credits or completion of the RDAP program rests firmly in BOP discretion.[7] Indeed, participation in RDAP in the first place is discretionary.[8] Accordingly, Petitioner fails to state a due process claim cognizable in a habeas petition.

As to the arbitrary and capricious claim, Judge Erwin found that BOP's substantive decision as to the timing of Petitioner's entry into the RDAP program is not amenable to judicial review. Petitioner's "arbitrary and capricious" formulation comes from the

---

[5] *Mayle v. Felix*, 545 U.S. 644, 656 (2005) (quoting Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts).

[6] *See, e.g.*, *Fristoe v. Thompson*, 144 F.3d 627, 630 (10th Cir. 1998); *Brown v. Hudson*, No. 21-3042-JWL, 2021 WL 843236, at *2–3 (D. Kan. Mar. 5, 2021) (collecting cases and concluding that "federal courts have consistently held that § 3261(e) does not create a liberty interest in the RDAP or in early release from confinement").

[7] *See Brown*, 2021 WL 843236, at *2.

[8] *See Standifer v. Ledezma*, 653 F.3d 1276, 1280 (10th Cir. 2011) ("A prisoner has no constitutional right to participate in RDAP, and similarly, a prisoner has no liberty interest in discretionary early release for completion of RDAP.").

Administrative Procedure Act's judicial review provision, 5 U.S.C. § 706(2)(A).[9] However, 18 U.S.C. § 3625 renders that provision inapplicable to both of the early release statutes relied on by Petitioner.[10] As a result, Judge Erwin concluded that judicial review of this claim is precluded.[11]

Having reviewed Magistrate Judge Erwin's Report and Recommendation *de novo*, the Court agrees with the reasoning and conclusions therein. The Court **ADOPTS** the Report and Recommendation (Dkt. 9); the Petition (Dkt. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief may be granted.

**IT IS SO ORDERED** this 29th day of December 2023.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[9] 5 U.S.C. § 706 ("The reviewing court shall hold unlawful and set aside agency action, findings, and conclusions found to be arbitrary, capricious, an abuse of discretion, or otherwise no in accordance with law.").

[10] 18 U.S.C. § 3625 ("The provision of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter.").

[11] *See, e.g.*, *Standifer*, 653 F.3d at 1279 n.3; *Fristoe*, 144 F.3d at 630. Petitioner does frame some of his arguments around *Chevron* deference, *see Chevron, U.S.A., Inc. v. NRDC*, 467 U.S. 837, 844–45 (1984), but he does not point to any rule or requirement that could be construed as an act of statutory interpretation on the part of BOP. Rather, he consistently refers to Dr. Averitt's substantive decision in his case. That is precisely the kind of final agency determination that § 3625 exempts from judicial review. *Standifer*, 653 F.3d at 1279 n.3.